UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Willis Lamb, #186788<br>*aka Charles Lamb*<br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br><br>Department of Corrections; Lieber Correctional Institution; John Doe(s) (Medical Center/Staff at Lieber Correctional Institution),<br><br>　　　　　　　　　　Defendants.<br>_____ | C/A No.  8:08-02805-CMC-BHH<br><br><br>REPORT AND RECOMMENDATION<br>FOR<br>PARTIAL SUMMARY DISMISSAL |

Charles Willis Lamb (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[*] Plaintiff is incarcerated at Lieber Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. In his complaint, Plaintiff alleges deliberate indifference to his serious medical needs. The complaint names the Department of Corrections, Lieber Correctional Institution, and John Doe(s) (Medical Center/Staff at Lieber Correctional Institution) as the defendants.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989);

---

[*]Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

As Plaintiff is a pro se litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, this *pro se* complaint is subject to summary dismissal as to Lieber Correctional Institution. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

### Discussion

In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." 42 U.S.C. § 1983; *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law. Therefore, a defendant in a § 1983 action must qualify as a "person."

Lieber Correctional Institution is a group of buildings or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. Lieber

Correctional Institution is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Lieber Correctional Institution is not a proper party defendant in this § 1983 action and should be dismissed as a defendant.

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in the above-captioned case as to defendant Lieber Correctional Institution *without prejudice* and without issuance and service of process for this defendant. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319, 324-25; *Haines v. Kerner*, 404 U.S. at 519; *Brown v. Briscoe*, 998 F.2d 201, 202-04 & n.* (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 70; 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

s/Bruce Howe Hendricks  
United States Magistrate Judge

August 20, 2008  
Greenville, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).